TtjRley, J.
delivered the opinion of the court.
This case turned, in the court below, upon the question of whether the defendants were estopped, by a processional survey made by Malcolm Gilchrist, a deputy surveyor, from claiming land covered by their grant and not included in the processional survey. The defendants denied that they were, because, they said, the survey was the unauthorised act of the surveyor, made without the consent of the owners, and binding on no one. This, the plaintiff denied, but also contended, that, even, if this were so, the survey was afterwards recognised and adopted by the owners as the evidence of their boundaries, and that they are thereby as much estop-ped from claiming beyond them, as if the survey had been originally made by their authority. Much proof was heard on both the propositions, which need not be particularly set forth, in as much as the question rests here upon the correctness of the charge of the circuit judge, who tried the case.
There was proof that John Overton, one of the owners, went with Malcolm Gilchrist to procession the land under the act of 1806: that they ran and marked the first line: the second line called to run south 894 poles to a stake, crossing Duck river. When they went to the distance called for, Gilchrist stopped and refused to run further, Overton insisting on the lines being extended across *270 the river. When they could not agree, they both determined to go to the surveyor for his opinion; he decided that Gilchrist was right, and Overton wrong, upon which Overton left, and Gilchrist, without further authority from Overton, returned of his own accord and completed the survey, pursuant to his opinion of the manner in which it should be made, by which a large amount of land covered by the grant is excluded and lost to the owners, if it be permitted to stand.
Upon this point, the court charged the jury: “If Overton agreed to leave the determination of the question to the principal surveyor, and to be bound by his decision; and if the principal surveyor decided the question against Overton, and the survey was afterwards made in pursuance of that decision, it would be binding upon Over-ton, although against his wishes, unless he had countermanded or revoked the authority to Gilchrist, before he made the survey.”— This charge was too strong, and was well calculated to mislead the jury.
There is an attempt made here, to draw a distinction between the case, where the deputy surveyor and party interested go to the principal surveyor to get his opinion on the matter in dispute between them, .and the case, where they agree to leave it to his determination. If they take the opinion of the surveyor, the person injured need not countermand the survey, but if they leave it to his determination, he must, treating it somewhat as an arbitration. We cannot recognise this distinction, but hold the law to be, that where thé deputy refuses to procession according to law, and is sustained by his principal, and makes a survey, by which a man’s land is taken from him, an authority for him to make it must be proven; that in the absence of proof, the legal presumption is, that it was unauthorised. And that when the proof shows that the owner and deputy began to procession and disagreed as to the mode, and went to the principal surveyor for instruction, who decided for the mode adopted by his deputy, which mode was illegal, and highly injurious to the owner of the land, that a countermand of survey is not necessary, and if it were, that a refusal on his part to have any thing more to do with it, would, in the absence of other proof, be sufficient to establishrthe countermand.
Upon the question of a recognition and adoption of the processional survey by Overton, after it was made, there w.as much proof, proper to be left to the jury. The judge charged, “that, if after *271 the survey was thus made, Overton, with a knowledge that the south boundary line had been run and marked by M. Gilchrist in his processional survey, recognised or adopted it, it would bind him, although he had only recognised it one day.”
This portion of the charge is, also, too strong; if the word “and,” had been substituted for the word “or,” and the words “processional survey” for the words “south boundary line,” so as to make the charge read, “if Overton, with a knowledge that Malcolm Gilchrist had ma,de the processional survey, recognised and adopted it, as the true boundaries of his tract, he would be estopped by it,” the charge would have been right; but to hold, that a man shall be estopped from claiming his just and legal rights by a hasty, ill-advised and momentary recognition of a line, which had been illegally run, we think would be exceedingly dangerous, and well calculated to unsettle rights to land, by exposing them to the fraudulent conduct of the land-monger, and the danger of having it supported by per-jury7 the necessary consequence of the reception of parol proof to establish the recognition.
The case will be reversed, and remanded for new trial.